IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CT-3209-FL

| | | |
|---|---|---|
| LARRY BLAKNEY,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN T. SCARANTINO, ASSISTANT WARDEN LOTT, CAPTAIN DEAUTCH, and S.I.S. OFFICER BERGER,<br><br>Defendants. | ) | ORDER |

This matter is before the court on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 31). The motion was briefed fully and in this posture the issues raised are ripe for ruling.

**STATEMENT OF THE CASE**

Plaintiff, a federal civil committee proceeding pro se, commenced this action by filing complaint on September 3, 2024, asserting claims for violations of his civil rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (DE 1, 5).[1] On initial review pursuant to 28 U.S.C. § 1915, the court allowed plaintiff to proceed with his claims of violations of his Fourth, Fifth, and Fourteenth Amendment rights concerning harsh conditions of confinement, unequal treatment, invasion of privacy, and due process violations. On October 29, 2025, the court granted plaintiff's motion to amend the complaint, which provided

[1] This matter originally proceeded before United States District Judge Terrence W. Boyle and was reassigned to the undersigned United States District Judge on August 20, 2025.

supplements and additional facts supporting the underlying claims summarized above (DE 14). On November 24, 2025, defendants filed the instant motion to dismiss pursuant to Rule 12(b)(6). Defendants argue plaintiff's constitutional claims are not cognizable under Bivens in light of the Supreme Court's reasoning in Egbert v. Boule, 596 U.S. 482 (2022) and Zigler v. Abbasi, 582 U.S. 120 (2017). Plaintiff responded in opposition to the motion.

## STATEMENT OF FACTS

The facts alleged in plaintiff's complaint may be summarized as follows. On June 6, 2024, while housed at the Federal Medical Center in Butner, North Carolina ("FMC Butner"), plaintiff was involved in a physical and verbal altercation with another civilly committed detainee. (See Compl. (DE 5) 5–7).[2] After the altercation, plaintiff was removed from his housing unit and placed in segregation. (See id.). Plaintiff alleges that while in segregated housing, he was subjected to 24-hour surveillance by prison staff and forced to reside in harsh living conditions for a prolonged period, resulting in unequal treatment to the other civilly committed detainee involved in the altercation, mental anguish, humiliation, and embarrassment. (See id.). Plaintiff alleges he was held in segregation for over a year. (See Am. Compl. (DE 14-1) 1).

## COURT'S DISCUSSION

A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

[2] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management/ electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[3]

B. Analysis

Plaintiff fails to plead a cognizable cause of action under Bivens. In Bivens, the Supreme Court recognized an implied cause of action for damages against federal officers where the officers searched a residence, arrested the plaintiff without a warrant or probable cause, and used excessive force. 403 U.S. at 397. Since Bivens was decided in 1971, however, the Supreme Court has only authorized two other contexts for damages remedies against federal officers for constitutional violations: 1) a Fifth Amendment equal protection claim alleging gender discrimination in congressional employment, see Davis v. Passman, 442 U.S. 228 (1979); and 2) an Eighth Amendment claim by a federal prisoner alleging deliberately indifferent to his serious medical needs, see Carlson v. Green, 446 U.S. 14 (1980).

The Court "has declined to countenance Bivens actions in any additional context." See Tun-Cos v. Perrotte, 922 F.3d 514, 521 (4th Cir. 2019) (collecting cases). Extending Bivens beyond these three claims has now become "disfavored." See Ziglar v. Abbasi, 582 U.S. 120,

[3] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

135 (2017). Indeed, "the Supreme Court [has] all but closed the door on Bivens [actions]" that do not correspond to the three prior cases. Dyer v. Smith, 56 F.4th 271, 277 (4th Cir. 2022).

To determine whether an additional Bivens claim is authorized, the court employs "a highly restrictive two-step analysis." Bulger v. Hurwitz, 62 F.4th 127, 137 (4th Cir. 2023). First, the court considers whether the claim falls within one of the three previously recognized Bivens contexts, or "whether it arises in a new context or involves a new category of defendants." Id. at 137. If the claim does not "fall precisely under Bivens, Davis, or Carlson," then the court proceeds to the second step, which asks whether "any special factors . . . counsel hesitation about granting [an] extension of Bivens." Tate v. Harmon, 54 F.4th 839, 844–45 (4th Cir. 2022).

In the instant case, plaintiff's claims of violations of his Fourth, Fifth, and Fourteenth Amendment rights concerning harsh conditions of confinement, unequal treatment, invasion of privacy, and due process violations stemming from segregated housing present a new context because they bear no resemblance to the three claims recognized above. Additionally, other factors counsel hesitation on extending the Bivens remedy here. For instance, plaintiff's complaint involves a completely new category of defendants and context for imposing personal liability. See Egbert v. Boule, 596 U.S. 482, 492 (2022); Mays v. Smith, 70 F.4th 198, 205 (4th Cir. 2023). Moreover, plaintiff has alternative remedial mechanisms for challenging his conditions of confinement, including the Federal Bureau of Prisons' administrative remedy program and the Federal Torts Claims Act. See Egbert, 596 U.S. at 497 (emphasizing that the presence of alternative remedies for aggrieved parties is a special factor counseling hesitation). Thus, in the absence of congressional action, the Bivens remedy does extend to plaintiff's claims. Accordingly, the court grants defendants' motion to dismiss for failure to state a claim.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 31) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge